UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES MESSERSCHMIDT,<br>                              Plaintiff,<br><br>  - against -<br><br>CPX INTERACTIVE LLC<br>                              Defendant. | Docket No. 18-cv-4258<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff James Messerschmidt ("Messerschmidt" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant CPX Interactive LLC ("CPX" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of rapper Bobby Shmurda. The photograph is owned and registered by Messerschmidt, a New York-based professional photographer. Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Messerschmidt is a professional photojournalist having a usual place of business at 2335 Broadway, Apt. 4K, Astoria, NY 11106.

6.      Upon information and belief, CPX is a domestic limited liability company duly organized and existing under the laws of New York with a place of business at 1441 Broadway 18th Fl., New York, NY 10018.

7.      At all times material hereto, Defendant has owned and operated the website at the URL: www.hiphopmyway.com (the "Website").

8.      CPX is a for-profit entity.

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph**

9.      Messerschmidt photographed rapper Bobby Shmurda (the "Photograph").  A true and correct copy of the Photograph is attached hereto as Exhibit A.

10.     Messerschmidt then licensed the Photograph to Page Six (the New York Post).

11.     On July 23, 2015, Page Six ran an article that featured the Photograph on its web edition entitled *Shmurda pleads not guilty to prison contraband charges.* See https://pagesix.com/2015/07/23/shmurda-pleads-not-guilty-to-prison-contraband-charges/

12. Page Six included an authorship credit (also known as a "gutter credit") below the Photograph which clearly identified Messerschmidt as the author of the Photograph. A true and correct copy of the New York Post article is attached hereto as Exhibit B.

13. Messerschmidt is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

14. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-087-490, effective as of February 5, 2018 (the "490 Registration"). A true and correct copy of the 490 Registration is attached hereto as Exhibit C.

**B.    Defendant's Infringing Activities**

15. On April 10, 2017, Defendant ran an article on the Website entitled *Bob Shmurda Sentenced Up To Four Years For Prison Shank*. See http://www.hiphopmyway.com/g/bobby-shmurda-trouble-for-prison-shank/ (the "Article").

16. Defendant's Article prominently features the Photograph. Screenshots of the Article as it appears on the Website are attached hereto as Exhibit D.

17. Commercial advertisements on Defendant's Website appear adjacent to, below or above the Photograph.

18. Defendant did not license the Photograph from Plaintiff for the Article.

19. Defendant did not have Plaintiff's permission or consent to publish the Photograph on its Website.

20. Defendant is in the publishing industry.

21. Defendant is knowledgeable about licensing photographs.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST CPX)**
(17 U.S.C. §§ 106, 501)

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. Defendant infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website.

24. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

25. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

26. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

27. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

28. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant be ordered to remove the Photograph from its Website;

3. That Plaintiff be awarded actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph pursuant to 17 U.S.C. § 504(b);

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
May 11, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/richardliebowitz
Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff*
*James Messerschmidt*